UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Edward Prigmore, | C/A No. 4:09-2849-GRA-TER |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| vs. | |
| Sheriff Bruce Bryant, of York County; | |
| Chief Miste or Misle, of York County Detention Center; | |
| Sgt/Det. William J. Mumaw, York City Police Department; | |
| Erik Delaney, York County Public Defender; | |
| Lisa Collins, Solicitor's Office; | |
| Elizabeth S. Owen, Municipal Judge City of York, | |
| Defendants. | |

The plaintiff, John Edward Prigmore ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights.[1] It appears that Plaintiff is a pretrial detainee at the York County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name employees of governmental entities as defendants.[2] Plaintiff alleges false arrest, excessive force, excessive bail, and violation of his right to a speedy trial. This action should be dismissed for failure to state a claim on which relief may be granted. Also, defendant Owen has judicial immunity, defendant Collins has prosecutorial immunity, and defendant Delaney did not act under color of law.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may

be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on February 5, 2009, he was arrested with a warrant # J-786037, and that warrant was voided. (Compl. at p. 4 and Ex. 1-2) Plaintiff alleges that a warrant # J-786040 was issued on February 6, 2009. Plaintiff attacks the validity of warrant # 786040 apparently because the alleged dates set forth therein are incorrect. (Compl. Ex. 1-3) Plaintiff alleges that his bail was set at $50,000 and again on February 17, 2009, "for once more $50,000" for a total of $100,000. (Compl. at p. 3) Plaintiff alleges that his $100,000 bail is excessive and that he submitted

a motion for reduction of bond on June 10, 2009, to the Clerk of Court's Office.[3] *Id.* Plaintiff alleges that he was informed that the Clerk of Court forwarded his motion for reduction of bond to his public defender attorney and to the Solicitor's Office. *Id.* Plaintiff also alleges that on August 27 he submitted a motion for speedy trial to the Clerk of Court's Office. (Compl. at pp. 3-4) Plaintiff alleges that he was informed that the Clerk of Court forwarded his motion for speedy trial to his public defender attorney and to the Solicitor's Office. *Id.*

Plaintiff alleges that there is a restraint chair in the York County Detention Center that has a notice posted on the chair "do not leave detainees in this chair for more than two hours." (Compl. at p. 3) Plaintiff alleges that when he was in the restraint chair straps were placed across his wrist, ankles, and chest. *Id.* Plaintiff alleges that on one occasion he was placed in the chair for six hours because he had been beating on his cell door. *Id.* He urinated on himself during the time in the chair. *Id.* Plaintiff alleges that on another occasion he was placed in the restraint chair for more than four hours. *Id.* "I cannot remember the dates, Lt. Maccomie, and Lt. Howel." *Id.*

Plaintiff appears to sue defendant Mumaw for issuing arrest warrant # 786040 which allegedly contained invalid information. (Compl. Ex. 1-1) Plaintiff sues defendants Bryant and Misle or Miste for excessive force in violation of the "Cruel and Unusual Punishment" clause. *Id.* Plaintiff sues defendants Delaney and Collins for violation of the Sixth Amendment right to a speedy trial and violation of the Eighth Amendment right to not have excessive bail required. *Id.* Plaintiff sues defendant Owen for violation of the Eighth Amendment right to not have excessive bail required. *Id.*

---

[3] It appears that Plaintiff refers to a county Clerk of Court's Office.

Plaintiff seeks the following relief: "you tell me ... I hope you can tell me in these matters." (Compl. at p. 5) Plaintiff alleges that he wants to "sue" the defendant to prove that his civil rights have been violated. *Id.*

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant Delaney, allegedly a York County public defender, should be summarily dismissed from this action because he has not acted under color of law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Cf. *Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor).

In *Hall v. Quillen*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because attorney Delaney has not acted under color of state law, Plaintiff fails to state a cognizable claim against him under 42 U.S.C. § 1983.

Defendant Owen is alleged to be a City of York Municipal Judge. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in

error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Owen's conduct of setting Plaintiff's total bail at $100,000 was part of her normal judicial functions as a municipal judge. The judge's actions about which Plaintiff complains were not taken in the clear absence of all jurisdiction. Thus, Judge Owen should be summarily dismissed.

Defendant Collins, allegedly a Solicitor or Assistant Solicitor, should be summarily dismissed based upon prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Defendant Collins' alleged misconduct relates to her failure to conduct a speedy criminal trial on the pending charges against Plaintiff and her failure to request, or bring Plaintiff's request

7

to a judge's attention, for a lower amount of bail for Plaintiff. The alleged misconduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, defendant Collins has absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

As to defendants Bryant and Misle or Miste, Plaintiff sues them presumably because they should be responsible for the excessive force that was used against Plaintiff by placing him in a restraint chair for more than two hours on two different occasions. The Due Process Clause of the Fourteenth Amendment imposes affirmative obligations on states for the treatment of pre-trial detainees.[4] A pre-trial detainee must not be punished prior to an adjudication of guilt in accordance with due process. *Block v. Rutherford*, 104 S.Ct. 3227, 3231 (1984). "'[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.''" *Id.* (quoting *Bell v. Wolfish*, 99 S.Ct. 1861 (1979)). The United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) "a prison official must have a 'sufficiently culpable state of mind.' " i.e., " 'deliberate indifference' to inmate health or safety." *Id.* at 834 (citations omitted). The Fourth Circuit Court

---

[4] While the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); *see also Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, *available at* 2006 WL 361375 at *3 (D.S.C. Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case.

of Appeals held that "only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). However, a supervisor cannot be liable under § 1983 for another employee's misconduct. Plaintiff does not allege that defendants Bryant and Misle or Miste placed Plaintiff in the restraint chair for more than two hours or had knowledge that Plaintiff was placed in a restraint chair for more than two hours. In other words, there is no allegation that these defendants tacitly authorized or were indifferent to the detention official's actions which allegedly violated Plaintiff's constitutional rights. *See Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). To the extent that Plaintiff is bringing suit against these defendants because they are supervisors, managers, or in some way allegedly responsible for the detention center officials who placed Plaintiff in the restraint chair for more than two hours, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions.[5] *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

Additionally, the Eleventh Amendment bars this lawsuit against defendant Bryant, the York County Sheriff, to the extent that he is sued in his official capacity. *See Morstad v. Dept. of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) ("absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability").

---

[5] Even liberally construed, Plaintiff does not seem to allege that a restraint chair in general violates his constitutional rights. Plaintiff focuses on the two-hour time limit and the fact that the time limit was exceeded on two occasions. *See Mackey v. Anderson Co. Det. Center*, C/A No. 6:06-1180-GRA-WMC, 2007 WL 1656231 (D.S.C. June 6, 2007) (finding that at a detention center the plaintiff's being placed in a restraint chair for twelve hours was not a *per se* constitutional violation).

To the extent that Plaintiff may be attempting to gain his release from the pretrial detention center by bringing this lawsuit, release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Moreover, this entire action should be dismissed because Plaintiff did not request any relief, and, therefore, Plaintiff failed to state a claim upon which relief may be granted. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions . . . ." *Humphreys v. Renner*, 1996 WL 88804 (N.D. Cal., Feb. 26, 1996), *following FCC v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Public Serv. Co. v. United States Envtl. Protection Agency*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). Even applying liberal pleading standards as required by the Supreme Court in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), and Rule 8 of the Federal Rules of Civil Procedure, there is no demand for relief in the complaint (compensatory, injunctive, or otherwise). *See Jones v. Bock*, 549 U.S. 199, 214 (2007) (noting that prior to the PLRA § 1915(d) permitted *sua sponte* dismissal only if an action was frivolous or malicious and that now § 1915(e) provides that failure to state a claim is a separate ground for *sua sponte* dismissal). See *also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that district courts are required to screen the merits of *in forma pauperis* complaints and "'to exclude suits that have no arguable basis in law or fact.'") (citation omitted).

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 26, 2010
Florence, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).